BOLLES et al. v. KELLEY et al.

(Circuit Court of Appeals, First Circuit. April 16, 1915.)

No. 1106.

1. BANKRUPTCY ⊂⊃381—COMPOSITION IN BANKRUPTCY—OBJECTIONS.

An objection by creditors to approval of a composition in bankruptcy, on the ground that the bankrupt obtained property on credit from several creditors on materially false statements made to the creditors to obtain the property on credit, may be of such a general character and may have such small connection with the real merits of the composition that the objecting creditors should be held to strict rules.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 591; Dec. Dig. ⊂⊃381.]

2. BANKRUPTCY ⊂⊃381—COMPOSITION IN BANKRUPTCY—OBJECTIONS.

   The rule applied that creditors, opposing a decree approving a composition in bankruptcy, must, to obtain relief on appeal, furnish evidence sufficient to contravene the result reached by the special master and the District Court, sustaining the bankrupt on the points involved.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 591; Dec. Dig. ⊂⊃381.]

Appeal from the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Judge.

Proceedings between T. J. Bolles and others and Thomas A. Kelley and others for approval of a composition in bankruptcy. From a decree of approval, T. J. Bolles and others, opposing creditors, appeal. Affirmed.

J. Butler Studley, of Boston, Mass. (Brandeis, Dunbar & Nutter, of Boston, Mass., on the brief), for appellants.

Lee M. Friedman, of Boston, Mass., and James H. Sisk and Sisk Bros., all of Lynn, Mass. (Swift, Friedman & Atherton, of Boston, Mass., on the brief), for appellees Kelley and others:

Stuart C. Rand, of Boston, Mass. (John L. Hall, of Boston, Mass., on the brief), for appellee Oelrichs & Co.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. There has been so much said in the proceedings in this case in the District Court we have no occasion to state the facts at length. The question before us is merely one of confirming the decree of the District Court, approving a composition in bankruptcy. The opposing creditors had two general grounds of opposition: one is that the composition is not for the best interests of the creditors. It is clear that this objection was not followed up, and we will not enlarge upon it.

[1] The other objection is based upon the claim that the bankrupt obtained property on credit from several creditors, duly named, upon materially false statements in writing made to said several creditors for the purpose of obtaining such property on credit. This ground of objection, of course, may be of such a general character, and may have so small connection with the real merits of the proposed composition, that the objecting creditors must be held to strict rules, proving strictly what is required to be proved, and carrying the burden throughout of sustaining the grounds of objection.

At the hearing three specific grounds of objection were brought to our attention. One was that, while the bankrupt had a schedule of sundry securities, known as "investment securities," and described by him as such, and said to be worth $60,286.05, some of them had been pledged for a note of $15,000, and the transaction had not been entered on the debtor's books, nor spoken of by him in the various statements of which complaint has been made. The fact was that these securities were actually worth more than $60,286.05, and were of such a changing and shifting character that this transaction may have easily been overlooked. At any rate, the business of the bankrupt was so

large that the transaction would not have attracted any special attention, and could not in any way have defeated the bankrupt in obtaining loans if it had been known. The note, of course, did not appear among the bills payable, but this falls into the observation already made about "investment securities."

The next element detailed by the opposing creditors was the overvaluation made of the bankrupt's tannery plant. It was a very large plant, turning out daily many thousands of kid skins, imported from all parts of the world, being probably the largest in New England. The referee, who acted in this case as special master, reported to the District Court that the valuation of this plant regarding it as a going concern was not excessive. The District Court agreed with him, and there was no satisfactory evidence that the valuation under those circumstances was excessive.

These are the only items in the statements made by the bankrupt said to fail to harmonize with the provisions of the statute we have cited, which are distinctly specified in the reasons of appeal from the District Court. The errors assigned on this appeal were 25 in all, of which a large portion related to the two transactions of which we have spoken, namely, the matter of the "investment securities" and the matter of the valuation of the plant. There were a few alleged errors assigned which were of such a general character as to be clearly ineffectual. There was one alleged error assigned as follows:

"Fourteenth. The court erred in not finding squarely that Kelley on June 30, 1912, did not have on hand stock and merchandise to the value given as of that date."

This was, under the circumstances, of a somewhat general and doubtful character. Something was said about it at the trial before us. The counsel for the bankrupt made some explanation, and the counsel for the opposing creditors failed to call our attention to any evidence sufficient to sustain it, if they relied upon it

[2] Upon the whole, the special master and the District Court sustained the bankrupt on all the points involved; and the opposing creditors have furnished no evidence sufficient to contravene the result reached, as they were bound to do.

The decree of the District Court is affirmed, and the defendants in error recover their costs of appeal.